# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | |
|---|---|
| NATIONAL CASUALTY COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.:_____ |
| | ) |
| TROUT TRUCKING COMPANY, INC., HUMBERTO SALDIVAR and ELIDA SALDIVAR, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff National Casualty Company, for its Complaint for Declaratory Judgment pursuant to 28 U.S.C. §2201(a), states as follows:

## THE PARTIES

1. Plaintiff National Casualty Company ("National Casualty") is an insurance company incorporated and organized under the laws of the State of Ohio, having its principal place of business in the State of Arizona.

2. Defendant Trout Trucking Company, Inc. ("Trout") is a Domestic, For-Profit Corporation, registered in the State of Texas. Upon information and belief, Trout's President and Registered Agent is Clint W. Curry, an individual resident citizen of the State of Texas whose address is located at 1001 Lincoln Avenue,

Robstown, Texas 78380-4207, and may be served at that address or wherever he may be found.

3. Defendant Humberto Saldivar is an individual resident citizen of the State of Texas who resides at and may be served at 3110 Shady Hill Drive, Temple, Texas, 76502-1343, or wherever he may be found.

4. Defendant Elida Saldivar is an individual resident citizen of the State of Texas who resides at and may be served at 3110 Shady Hill Drive, Temple, Texas, 76502-1343, or wherever she may be found.

## JURISDICTION

5. The jurisdiction of this Court is premised upon 28 U.S.C. § 1332, as there is complete diversity of citizenship between plaintiff National Casualty and the defendants in the action, and the amount in controversy, including the costs of defending and potentially indemnifying defendant Trout in connection with the subject loss, as set forth below, exceeds the sum of $75,000, exclusive of interest and costs.

6. This Court has authority to declare the rights and obligations of the parties under the terms and provisions of the insurance policy at issue in this lawsuit, as provided by 28 U.S.C. § 2201(a) and Rule 57 of the Federal Rules of Civil Procedure.

7. Venue in this Court is properly premised upon 28 U.S.C. § 1391(b)(1) and (2). Defendant Trout principal place of business is in Nueces County, Texas within the Corpus Christi Division of the Southern District of Texas. In addition the underlying suit is also currently pending in Nueces County.

## THE NATIONAL CASUALTY POLICY

8. Plaintiff National Casualty issued commercial auto policy number LJ00001361 to defendant Trout, effective from August 17, 2021, to August 17, 2022, with a commercial auto liability coverage limit of $1,000,000.00 (the "Policy"). A copy of the Policy (with premium amounts redacted) is attached hereto as Exhibit 1.

9. The Policy was issued by National Casualty in compliance with the federal financial responsibility requirements set forth in 49 C.F.R. § 387.1 et seq.

10. The Policy provides commercial auto liability coverage under the Motor Carrier Coverage Form [CA 00 20 10 13].

11. The "Who Is An Insured" provision in the Motor Carrier Coverage Form provides, in pertinent part, as follows:

> **1. Who Is An Insured**
>
> The following are "insureds":
>
> a. You for any covered "auto".

      b.    Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

\* \* \* \*

(4) Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company), a lessee or borrower of a covered "auto" or any of their "employees", while moving property to or from a covered "auto".

\* \* \* \*

12. The Motor Carrier Coverage Form contains the following exclusions from coverage:

**B.**     **Exclusions**

This insurance does not apply to any of the following:

\* \* \* \*

**3.**     **Workers' Compensation**

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

**4.**     **Employee Indemnification and Employer's Liability**

"Bodily injury" to:

    **a.** An "employee" of the "insured" arising out of and in the course of:

Page 4

      **(1)** Employment by the "insured"; or

      **(2)** Performing the duties related to the conduct of the "insured's" business; or

**b.** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph a. above.

This exclusion applies:

**(1)** Whether the "insured" may be liable as an employer or in any other capacity; and

**(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

* * * *

**5.**    **Fellow Employee**

"Bodily injury" to:

**a.** Any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business; or

**b.** The spouse, child, parent, brother or sister of that fellow "employee" as a consequence of Paragraph **a.** above.

* * * *

**7.    Handling Of Property**

"Bodily injury" or "property damage" resulting from the handling of property:

**a.** Before it is moved from the place where it is accepted by the "insured" for movement into or onto the covered "auto"; or

**b.** After it is moved from the covered "auto" to the place where it is finally delivered by the "insured".

**8.    Movement Of Property By Mechanical Device**

"Bodily injury" or "property damage" resulting from the movement of property by a mechanical device (other than a hand truck) unless the device is attached to the covered "auto".

\* \* \* \*

13.    The Policy also contains a Form MCS-90 Endorsement to assure compliance with the financial responsibility requirements set forth in Sections 29 and 30 of the Motor Carrier Act of 1980 and the rules and regulations of the Federal Motor Carrier Safety Administration.

14.    The Form MCS-90 Endorsement attached to the Policy states as follows: "Such insurance as is afforded, for public liability, does not apply to injury or death of the insured's employees while engaged in the course of their employment."

## THE INCIDENT AND UNDERLYING LAWSUIT

15. On February 22, 2022, in McClain County, Oklahoma, defendant Humberto Saldivar was operating a motor vehicle purportedly owned or operated with the permission of defendant Trout Trucking Company, Inc., and was traveling southbound on interstate 35. This relationship allegedly arose when Trout hired Humberto Saldivar as an employee truck driver and/or used his services as a borrowed servant truck driver and/or had the right of control over the manner and means of his services as a truck driver on the subject date.

16. On that day, the truck Mr. Saldivar was driving purportedly rolled over and came to rest on the side of interstate 35 when Mr. Saldivar fell asleep while driving (the "Incident").

17. Mr. Saldivar has alleged injuries and damages as a result of the Incident.

18. Defendants Humberto Saldivar and Elida Saldivar have alleged that defendant Trout is liable for the incident and for the injuries and damages Mr. Saldivar allegedly sustained in a civil action styled *Humberto Saldivar and Elida Saldivar, vs. Trout Trucking Company, Inc.*, in the County Court for Nueces County, Texas, case no. 2024CCV-60125-3 (the "Underlying Lawsuit"). A copy of the Original Petition filed in the Underlying Lawsuit is attached as Exhibit 2.

19. The Original Petition alleges that Mr. Saldivar was operating a motor vehicle owned or operated with the permission of Trout.

20. The Original Petition alleges that Trout hired Mr. Saldivar as an employee truck driver and/or used his services as a borrowed servant truck driver and/or had the right of control over the manner and means of his services as a truck driver when the Incident occurred.

21. The Original Petition also alleges that Mr. Saldivar was acting within the course and scope of his employment with defendant Trout when he purportedly sustained his injuries on or about February 22, 2022.

22. Humberto and Elida Saldivar contend that Humberto was an employee of Trout Trucking at the time of the Incident.

23. Humberto and Elida Saldivar contend that Humberto was acting in the course and scope of his employment with Trout Trucking at the time of the Incident.

24. Humberto and Elida Saldivar contend that Trout Trucking controlled the manner and means of Humberto's work as truck driver at the time of the Incident.

25. National Casualty is presently providing Trout with a defense in the Underlying Lawsuit subject to a reservation of rights.

## FIRST REQUEST FOR RELIEF – DECLARATORY JUDGMENT AS TO DUTY TO DEFEND

26. National Casualty incorporates by reference paragraphs 1 through 25 of this Complaint as if set forth fully herein.

27. An actual controversy has arisen between National Casualty and defendants, and there exists a bona fide, actual, present and practical need for the declaration.

28. Based upon the foregoing facts and Policy language, National Casualty contends that it has no duty under the Policy to defend defendant Trout in the Underlying Lawsuit.

29. National Casualty further contends that it has no duty to defend defendant Trout under the Form MCS-90 Endorsement attached to the Policy because the Form MCS-90 Endorsement does not impose a duty to defend and, further, because the Form MCS-90 Endorsement does not apply to the injury or death of the insured's employees.

30. National Casualty believes that there may be other coverage defenses which may be revealed during discovery in this action and, accordingly, incorporates all terms, conditions, exclusions, and other provisions in the Policy as defenses to any claims of coverage by defendants.

31. National Casualty and the defendants have a present, actual, and antagonistic controversy in the subject matter described herein.

32. Thus, there presently exists a justiciable controversy between the parties as to the rights and obligations of plaintiff National Casualty and defendants. Under 28 U.S.C. § 2201(a), the Court may and should declare the rights of the parties

with respect to this controversy.

33. The declaration requested in Count I pertains to a present, ascertainable set of facts and controversy between the parties.

## **SECOND REQUEST FOR RELIEF – DECLARATORY JUDGMENT AS TO DUTY TO INDEMNIFY**

34. National Casualty incorporates by reference paragraphs 1 through 33 of this Complaint as if set forth fully herein.

35. An actual controversy has arisen between National Casualty and defendants, and there exists a bona fide, actual, present and practical need for the declaration.

36. Based upon the foregoing facts and Policy language, National Casualty contends that it has no duty under the Policy to indemnify defendant Trout for the claims arising from the Incident and/or alleged in the Underlying Lawsuit.

37. National Casualty believes that there may be other coverage defenses which may be revealed during discovery in this action and, accordingly, incorporates all terms, conditions, exclusions, and other provisions in the Policy as defenses to any claims of coverage by defendants.

38. National Casualty and the defendants have a present, actual, and antagonistic controversy in the subject matter described herein.

39. Thus, there presently exists a justiciable controversy between the parties as to the rights and obligations of plaintiff National Casualty and defendants.

Under 28 U.S.C. § 2201(a), the Court may and should declare the rights of the parties with respect to this controversy.

40. The declaration requested in Count II pertains to a present, ascertainable set of facts and controversy between the parties.

### THIRD REQUEST FOR RELIEF – DECLARATORY JUDGMENT AS TO THE FORM MCS-90 ENDORSEMENT

41. National Casualty incorporates by reference paragraphs 1 through 40 of this Complaint as if set forth fully herein.

42. An actual controversy has arisen between National Casualty and defendants, and there exists a bona fide, actual, present and practical need for the declaration.

43. Based upon the foregoing facts and Policy language, National Casualty contends that it has no obligations related to the Incident and/or the Underlying Lawsuit under the Form MCS-90 Endorsement attached to the Policy because the Form MCS-90 Endorsement does not apply to the injury of the Trout's employees.

44. National Casualty and the defendants have a present, actual, and antagonistic controversy in the subject matter described herein.

45. Thus, there presently exists a justiciable controversy between the parties as to the rights and obligations of plaintiff National Casualty and defendants. Under 28 U.S.C. § 2201(a), the Court may and should declare the rights of the parties with respect to this controversy.

46. The declaration requested in Count III pertains to a present, ascertainable set of facts and controversy between the parties.

## **CLAIM FOR RELIEF**

47. Based upon the foregoing facts and the attached exhibits, there presently exists a justiciable controversy as to whether coverage exists under the Policy as to the claims asserted by defendants Humberto Saldivar and Elida Saldivar against defendant Trout.

Accordingly, plaintiff National Casualty respectfully requests the following relief:

(1) That the Court declare that plaintiff National Casualty has no obligation under the Policy to defend defendant Trout in the Underlying Lawsuit;

(2) That the Court declare that plaintiff National Casualty has no obligation under the Policy to indemnify defendant Trout for any claims arising from the Incident and/or asserted in the Underlying Tort Suit;

(3) That the Court declare that plaintiff National Casualty has no obligation under the Form MCS-90 Endorsement attached to the Policy for any claims arising from the Incident and/or asserted in the Underlying Lawsuit to any defendant; and

(4) That the Court grant other and further relief as this Court deems just and proper.

Respectfully submitted,

**DAW & RAY, LLP**

By: /s/ *Kyle D. Giacco*
Kyle D. Giacco
Attorney-in-Charge
TXBN: 07839150 / Fed. ID No. 15058
5718 Westheimer Road, Suite 1400
Houston, Texas 77057
Tel.: (713) 266-3121
Fax: (713) 266-3188
Email: kgiacco@dawray.com

**ATTORNEY FOR NATIONAL CASUALTY COMPANY**